IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 4:18-cr-13-CDL-MSH |
| | : | |
| CLINT WALKER, | : | |
| | : | |
| Defendant. | : | |

_____

**ORDER AND RECOMMENDATION**

On November 9, 2023, the Court received the above-named Defendant's motion, which the Court construes as a motion for compassionate release (ECF No. 52). The motion includes a request for appointed counsel. Mot. for Compassionate Release 2, ECF No. 52. For the reasons stated below, because it is readily apparent that Defendant's motion for compassionate release should be denied, the Court does not find a response from the Government is necessary before issuing this order and recommendation.

First, to the extent Defendant is seeking compassionate release, he has set forth no facts, nor addressed the relevant factors, which suggest the Court may grant him relief. *See* 18 U.S.C. § 3582(c). Defendant has not presented—let alone asserted—any extraordinary and compelling reasons for compassionate release, nor has he addressed the relevant factors in § 3553(a). In order to grant compassionate release, a district court must find three required conditions satisfied: "'support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement,' and the absence of any one of those conditions forecloses a sentence reduction." *United States v. Guyton*,

No. 22-10984, 2023 WL 2604640, at *2 (11th Cir. 2023) (per curiam) (quoting *United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021)).  As a result, to the extent Defendant seeks compassionate release, it is recommended that his motion be denied.

Second, and relatedly, there is no constitutional or statutory right to counsel to seek compassionate release pursuant to 18 U.S.C. § 3582(c).  *United States v. Webb*, 565 F.3d 789, 794-95 (11th Cir. 2009) (per curiam).  District courts "have the discretion to appoint counsel."  *Id.* at 795 n.4.  "[T]hat discretion is guided by factors such as the complexity of the legal issues."  *United States v. Courson*, 835 F. App'x 546, 547 (11th Cir. 2021) (per curiam) (citing *Webb*, 565 F.3d at 795 n.4; *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004)).  Defendant has not shown he is entitled to compassionate release.  Defendant's motion to appoint counsel, therefore, is **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof.  Any objection should be no longer than TWENTY (20) PAGES in length.  *See* M.D. Ga. L.R. 7.4.  The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made.  All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the

consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED and RECOMMENDED**, this 13th day of November, 2023.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE