IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

UNITED STATES OF AMERICA    :
   :
v.    :   Case No. 4:18-cr-00013-CDL-MSH
   :
CLINT WALKER,    :
   :
Defendant.    :
_____

## ORDER AND RECOMMENDATION

Pending before the Court are Defendant Clint Walker's motion for sentence reduction made pursuant to 18 U.S.C. § 3582(c)(2) and the Government's response thereto (ECF Nos. 52, 57). In his reply to the Government's response, Walker also appears to make a motion that the Court construes as a motion to appoint counsel (ECF No. 58). For the following reasons, the Court recommends that Walker's motion for sentence reduction be denied, and it denies Walker's motion to appoint counsel.

## BACKGROUND

On September 5, 2018, Walker pleaded guilty to one count, each, of possession of methamphetamine with intent to distribute more than 50 grams (count one), and possession of a firearm by a convicted felon (count two). Plea Agreement, ECF No. 20; Plea Sheet, ECF No. 21. In relevant part, the United States Probation Office ("USPO") prepared a final presentence investigation report ("PSR") which determined that Walker was to be sentenced as a career offender. PSR ¶¶ 35-36, ECF No. 24. On December 27, 2018, the Court entered judgment and sentenced Walker to 264 months as to count one, and 120

months as to count two, to be served concurrently to each other, but to be served consecutively to any state probation revocation sentence that may have been imposed in Muscogee County, Georgia, Superior Court.   Judgment 1-2, ECF No. 25.   Also relevant here, during sentencing, the Court noted that Walker was—under the federal guidelines— a career offender.   Sentencing Tr. 8 and 11, ECF No. 43.   Walker did not file a direct appeal.

On January 29, 2021, the Court received Walker's *pro se* motion to vacate pursuant to 28 U.S.C. § 2255 (ECF No. 31), which the Government moved to dismiss as untimely (ECF No. 33).   On March 23, 2021, Walker moved to dismiss his motion to vacate (ECF No. 35), which the Court granted (ECF No. 36).

On March 20, 2023, the Court again received Walker's *pro se* motion to vacate pursuant to § 2255, in which Walker argued that his trial counsel was ineffective because she advised him to plead guilty even though he would be erroneously sentenced as a career offender (ECF No. 39).   The Government again filed a motion to dismiss Walker's motion, arguing that the motion to vacate was untimely (ECF No. 41), to which Walker filed a reply (ECF No. 47).   On October 24, 2023, the Court dismissed Walker's motion to vacate as untimely (ECF Nos. 48, 50, 51).

On November 9, 2023, the Court received Walker's motion, which the Court construed as a motion for compassionate release under 18 U.S.C. § 3582(c), which also included a motion to appoint counsel (ECF No. 52).   On November 13, 2023, the

undersigned recommended Walker's motion for compassionate release be denied, and also denied Walker's motion to appoint counsel (ECF No. 53). Walker filed objections to that recommendation (ECF No. 54). The district judge adopted-in-part the recommendation to deny Walker's motion for compassionate release under § 3582(c)(1)(A), and based-in-part on Walker's objection, recommitted Walker's motion to the undersigned for a recommendation addressing Walker's argument for a sentence reduction under § 3582(c)(2) that there had been a change in the law related to the Armed Career Criminal sentencing provisions (ECF No. 55).

On March 1, 2024, the Government filed its response in opposition to Walker's motion for sentence reduction under § 3582(c)(2) (ECF No. 57), to which Walker filed a reply (ECF No. 58). Walker's motion for sentence reduction under § 3582(c)(2) is ripe for a recommendation.

## I.    Standards

The general rule is that "a federal court 'may not modify a term of imprisonment once it has been imposed,'" with limited exceptions. *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017) (quoting *United States v. Phillips*, 597 F.3d 1190, 1195 (11th Cir. 2010)). A motion pursuant to 18 U.S.C. § 3582(c)(2) is one of those limited exceptions. *Id.* at 1239. Under § 3582(c)(2), a district court may "reduce a term of imprisonment 'where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the [Sentencing]

Commission and certain other requirements are met.'"  *Id.* (alteration in original) (quoting *Phillips*, 597 F.3d at 1195).   But even that authority is cabined, because "[b]y its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding.   Instead, it provides for the 'modif[ication of] a term of imprisonment' by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the [Sentencing] Commission."  *Dillon v. United States*, 560 U.S. 817, 825 (2010) (second alteration in original) (citations omitted).   Relief under § 3582(c)(2) is available only—and only if— the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)," <u>and</u> "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."   § 3582(c)(2).   The applicable policy statement under § 3582(c)(2) is Section 1B1.10 of the Sentencing Guidelines.   U.S.S.G. § 1B1.10 background ("This policy statement provides guidance and limitations for a court when considering a motion under 18 U.S.C. § 3582(c)(2) and implements 28 U.S.C. § 994(u)").

When addressing a § 3582(c)(2) motion, the Court must "undertake a two-step process."  *Caraballo-Martinez*, 866 F.3d at 1248 (citing *Dillon*, 560 U.S. at 826-27).   First, the Court must determine whether the movant is "eligible for relief, i.e., whether a retroactive Guidelines amendment actually lowers his applicable Guidelines range."  *Id.* (citing *Dillon*, 560 U.S. at 826-27).   If the movant is eligible, the Court must consider the particular circumstances of the case and the factors under 18 U.S.C. § 3553(a), and decide

whether those considerations warrant, in the discretion of the Court, a reduction in the movant's sentence.  *Id.* (citing *Dillon*, 560 U.S. at 827).

## II.    Analysis

Walker appears to make a couple of arguments in his § 3582(c)(2) motion, but for clarity, the Court begins with the Government's argument in opposition to Walker's motion.  The Government's argument is as follows: First, Walker was sentenced as a career offender under United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 4B1.1.  Second, only one amendment was promulgated after Walker was sentenced in 2018: Amendment 821.   Third, Amendment 821 did two things: it modified the way status points are applied under U.S.S.G. § 4A1.1, and it created U.S.S.G. § 4C1.1, which addresses treatment of defendants who received no criminal history points under the Guidelines.  Fourth, what Amendment 821 did <u>not</u> do is make any changes to career offender designations under U.S.S.G. § 4B1.1.  As a result, the Government argues, Walker is ineligible for relief under § 3582(c)(2).  Gov.'s Resp. in Opposition, ECF No. 57.  For the following reasons, the Court agrees and recommends Walker's § 3582(c)(2) motion be denied.  Following that recommendation, the Court concludes by addressing Walker's possible other arguments for relief, and it recommends those possible grounds also be denied.

A.    Section 3582

As the record will reflect, Walker's § 3582(c)(2) claim takes a circuitous path on the docket.   In his § 3582(c)(2) motion, Walker argues that the predicates for his Career Criminal Act's enhanced sentence no longer trigger the enhanced sentence under the 2023 amendment to § 3582(c)(2), and in support thereof, he cites to *Concepcion v. United States*, 597 U.S. 481 (2022), for the proposition that "a district court may consider 'intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact in adjudicating a First Step Act motion for a sentence reduction.'"   Def.'s Mot. for Sentence Reduction 1, ECF No. 52.   Walker again referenced his Career Criminal Act sentencing enhancements and the First Step Act in his objection to the undersigned's recommendation to deny his § 3582(c)(1)(A) motion.   Def.'s Objection 1, ECF No. 54.   Finally, in his reply to the Government's response in opposition to his § 3582(c)(2) motion, Walker again references his predicate for his Career Offender Act enhancements, and he "reasserts" his brief in support of his motion to vacate under § 2255, citing *United States v. Howard*, 742 F.3d 1334 (11th Cir. 2014), and *Moncrieffe v. Holder*, 569 U.S. 184 (2013).[1]   Def.'s Reply to Gov.'s Resp. in Opposition 1-4, ECF No. 58; *see also* Def.'s Mot. to Vacate 3, ECF No. 39.   All of Walker's arguments, however, do not address the issue before the Court, and as a result, he is not entitled to relief.

---

[1]  *Moncrieffe* involved an appeal from the Board of Immigration Appeals and whether certain convictions were aggravated felonies under the Immigration and Nationality Act.  *Moncrieffe*, 569 U.S. at 187, 189-90.

6

In *United States v. Moore*, the United States Court of Appeals for the Eleventh Circuit addressed the issue before this Court. *United States v. Moore*, 541 F.3d 1323 (11th Cir. 2008). Four defendants, who had each been convicted of unrelated crack cocaine offenses, appealed their respective district court decisions which denied their motions for sentence reductions under § 3582(c)(2). *Id.* at 1325. Each of them based their motions "on Amendment 706 to the Sentencing Guidelines, which, together with Amendment 713, retroactively reduced the base offense levels applicable to crack cocaine offenses." *Id.* Relevant here, the "district courts denied their motions on the ground that, because the defendants were sentenced as career offenders under U.S.S.G. § 4B1.1, Amendment 706 did not have the effect of lowering their applicable guideline ranges." *Id.*

At the Eleventh Circuit, the defendants argued that they were eligible for relief under § 3582(c)(2) because the amendments altered their base offense levels. *Id.* at 1327. In each of their cases, the base offense level had been "calculated pursuant to U.S.S.G. § 2D1.1, which considers the quantity of drugs involved in the offense. However, in each case, the defendant was classified as a career offender under § 4B1.1[.]" *Id.* at 1325. Looking to the "plain language of § 3582(c)(2)[,]" the Eleventh Circuit found that

> the defendants' sentences were based on the guideline ranges applicable to career offenders under § 4B1.1. The defendants' base offense levels under § 2D1.1 played no role in the calculation of these ranges. Thus, Amendment 706's effect on the defendants' base offense levels would not lower the sentencing ranges upon which their sentences were based.

*Id.* at 1327. Ultimately, the Eleventh Circuit held that, where "a retroactively applicable

guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence."  *Id.* at 1330.

Here, Walker—like the defendants in *Moore*—had his base offense level calculated under § 2D1.1, which calculated his base offense level based on the amount of methamphetamine Walker possessed.  PSR ¶¶ 23-24.  Ultimately, however, Walker's offense level was determined by his career offender designation under § 4B1.1, and because the statutory maximum imprisonment sentence for his possession of methamphetamine charge was life, his adjusted offense level was 37.  *Id.* ¶¶ 35-36.  After deducting three points for acceptance of responsibility, Walker's total offense level was 34.  *Id.* ¶¶ 37-39.  Finally, while Walker's total criminal history score was eighteen, which resulted in a criminal history category of VI, because he was a career offender, his criminal history category was automatically VI, which it is in every career offender case. *Id.* ¶¶ 61-63.

Amendment 821 did not modify the career offender provision under § 4B1.1.  *See* U.S.S.G. app. C, supp., amend. 821 (Nov. 1, 2023).  As a result, because Walker's sentencing range was determined by his status as a career offender under § 4B1.1, Amendment 821 does not alter the sentencing range upon which Walker was sentenced. Accordingly, Walker is not eligible for relief under § 3582(c)(2).  *See United States v. Lefever*, CR 107-166, 2024 WL 1020573, at *1 (S.D. Ga. Mar. 8, 2024) (despite

Amendment 821 reducing career offender defendant's status points, finding defendant's career offender designation is not altered by Amendment 821, and denying his § 3582(c)(2) motion); *United States v. Smokes*, CR 616-010-7, 2024 WL 37071, at *1 (S.D. Ga. Jan. 3, 2024) (finding career offender defendant's criminal history category was not impacted by Amendment 821, and denying his § 3582(c)(2) motion); *accord United States v. Austin*, No. 4:94-CR-60 (CDL), 2013 WL 1336611, at *2 (M.D. Ga. Mar. 29, 2013) (finding, under *Moore*, 541 F.3d 1323, a prior amendment did not alter the sentencing range a career offender defendant was sentenced under because it did not alter U.S.S.G. § 4B1.1, and denying his § 3582(c)(2) motion).

    B.   <u>Walker's Additional Arguments</u>

In his filings, Walker appears to make several additional arguments that the Court will now address. Principally, Walker argues that the predicates underlying his career offender designation can no longer be considered predicates to trigger the career offender provision. Def.'s Mot. for Sentence Reduction 1, ECF No. 52; Def.'s Objection 1, ECF No. 54; Def.'s Reply to Gov.'s Resp. in Opposition 1-4, ECF No. 58; *see also* Def.'s Mot. to Vacate 3, ECF No. 39 ("reassert[ed]" by Walker in Def.'s Reply to Gov.'s Resp. in Opposition). However, while Walker "also challenges the validity of his career-offender designation under current law, his arguments on this point are outside the limited scope of a § 3582(c)(2) proceeding." *United States v. Hamilton*, No. 22-11598, 2022 WL 16845149, at *4 (11th Cir. Nov. 10, 2022) (per curiam) (first citing *United States v. Bravo*,

203 F.3d 778, 780-81 (11th Cir. 2000); and then citing *Dillon*, 560 U.S. at 831).   While

Walker alleges mistakes were made at his initial sentencing, "the aspect[] of his sentence

that [Walker] seeks to correct [was] not affected by the Commission's amendment to §

2D1.1, [so it is] outside the scope of the proceeding authorized by § 3582(c)(2)," and this

Court "properly decline[s] to address" this argument.   *Dillon*, 560 U.S. at 831.

Walker's principal argument is more analogous to a habeas proceeding.   Indeed,

Walker "reasserts" his brief in support of his § 2255 motion, in which he asserted nearly

identical claims.   Def.'s Reply to Gov.'s Resp. in Opposition 1-4; *see also* Def.'s Mot. to

Vacate 3.   However, "Title 28 of the United States Code, § 2255, provides prisoners

serving federal sentences with a mechanism to challenge a sentence that the prisoner claims

was imposed in violation of the Constitution or laws of the United States."   *United States*

*v. Llewlyn*, 879 F.3d 1291, 1296 (11th Cir. 2018).   "Section 3582(c)(2), on the other hand,

provides a vehicle 'through which <u>appropriately sentenced</u> prisoners can urge the court to

exercise leniency to give certain defendants the benefits of an amendment to the

Guidelines.'" *Id.* (quoting *United States v. Webb*, 565 F.3d 789, 794 (11th Cir. 2009)).

Walker cannot use his § 3582(c)(2) motion to assert claims which are more appropriately

addressed in a § 2255 motion to vacate.

Second, Walker appears to argue that he is entitled to relief under the First Step Act

("FSA").   Def.'s Mot. for Sentence Reduction 1; Def.'s Objection 1.   The Court could

construe Walker's argument as a motion made under § 3582(c)(1)(B).   *See United States*

*v. Ware*, No. 22-12204, 2023 WL 2879987, at *4 (11th Cir. Apr. 11, 2023) (per curiam)

(construing defendant's *pro se* pleading liberally and finding defendant's motion as seeking

relief under § 3582(c)(1)(B) under the FSA);   *but see United States v. Edwards*, 997 F.3d

1115, 1121 (11th Cir. 2021) (holding that the FSA is "self-contained and self-executing"

such that district courts can proceed directly under the FSA "without resort to §

3582(c)(1)(B)").   The FSA

> authorizes district courts to reduce the prison sentences of defendants
> convicted of certain offenses involving crack cocaine.   The Act allows a
> district court to impose a reduced sentence "as if" the revised penalties for
> crack cocaine enacted in the Fair Sentencing Act of 2010 were in effect at
> the time the offense was committed.

*Concepcion*, 597 U.S. at 486.   But, as the Government notes, nothing in the FSA modified

§ 4B1.1, the Guidelines provision regarding career offenders.   Gov.'s Resp. in Opposition

8 n.4, ECF No. 57.   The last amendment to § 4B1.1 occurred on November 1, 2023, which

only made technical, stylistic, and other non-substantive changes, and before that, § 4B1.1

was amended in 2016, which preceded the FSA enactment, so the FSA did not modify the

career offender provision under which Walker's sentencing range was determined.

U.S.S.G. § 4B1.1, Historical Notes, 2023 Amendments (noting technical, stylistic, and

other non-substantive changes based on the November 1, 2023 Amendment to the

Guidelines), 2016 Amendments; *Concepcion*, 597 U.S. at 486 ("Congress enacted the First

Step Act of 2018").   As a result, even assuming Walker is authorized to bring a motion

either under § 3582(c)(1)(B), or the FSA, he is not eligible for a sentence reduction based

on the FSA because the FSA made no changes to his designation as a career offender under § 4B1.1.

Finally, to the extent that Walker alleges he is entitled to relief under § 3582(c)(2) based on alleged changes in the law governing Armed Career Criminal status, *see* Order 1, Dec. 15, 2023, ECF No. 55, Walker was not sentenced as an armed career criminal, but rather as a career offender.    Sentencing enhancements for armed career criminal defendants are governed by U.S.S.G. § 4B1.4(a), while sentencing enhancements for career offenders are governed by U.S.S.G. § 4B1.1(b).    *United States v. Rollins*, 518 F. App'x 632, 633-34 (11th Cir. 2013) (per curiam) (discussing how a series of predicates may result in enhancements under §§ 4B1.1(b) and 4B1.4(a)); *see also* U.S.S.G. §§ 4B1.1(b) (career offender sentencing enhancements) and 4B1.4(a) (armed career criminal sentencing enhancements).    Walker's PSR did not contain any sentencing enhancements involving the armed career criminal provisions found in § 4B1.4(a), and the Court sentenced Walker as a career offender.    PSR ¶¶ 35-36, ECF No. 24; Sentencing Tr. 8 and 11, ECF No. 43 (finding Walker to be career offender).    As a result, to the extent Walker has alleged any change in the law regarding sentencing of armed career criminals, he is not entitled to relief because he was not sentenced as an armed career criminal.

\* \* \* \* \*

In summary, the Court recommends Walker's § 3582(c)(2) motion be denied because Walker's sentencing range was determined by his status as a career offender under § 4B1.1, and Amendment 821 does not alter the sentencing range upon which Walker was sentenced.    To the extent Walker challenges the validity of his career-offender designation, his motion should be denied because his arguments are outside the scope of a § 3582(c)(2) proceeding.    To the extent Walker relies on the First Step Act, his motion should be denied because the Act made no changes to his designation as a career offender. Finally, to the extent Walker has alleged any change in the law regarding sentencing of armed career criminals, his motion should be denied because he was not sentenced as an armed career criminal.

### Motion to Appoint Counsel

Walker seeks the appointment of counsel.[2]    Def.'s Mot. for Sentence Reduction 2, ECF No. 52; Def.'s Objection 4, ECF No. 54; Def.'s Reply to Gov.'s Resp. in Opposition 5, ECF No. 58.    There is no constitutional or statutory right to counsel to seek compassionate release pursuant to 18 U.S.C. § 3582(c).    *Webb*, 565 F.3d at 794-95. District courts do, however, "have the discretion to appoint counsel."    *Id.* at 795 n.4. "[T]hat discretion is guided by factors such as the complexity of the legal issues."    *United*

---

[2]    The Court previously denied Walker's motion to appoint counsel.    Def.'s Mot. for Sentence Reduction 2, ECF No. 52; Order & R. 2, ECF No. 53.    Because Walker's motion for sentence reduction was recommitted to the undersigned, the Court addresses it again for completeness.

*States v. Courson*, 835 F. App'x 546, 547 (11th Cir. 2021) (per curiam) (first citing *Webb*, 565 F.3d at 795 n.4; and then citing *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004)).   Walker has not shown he is entitled to a sentence reduction under any of the foregoing circumstances, and more importantly, the Court has been able to discern Walker's arguments, which demonstrates that counsel is not required at this time. Walker's motion to appoint counsel, therefore, is **DENIED**.

## CONCLUSION

For the reasons stated above, it is recommended that Walker's motion for sentence reduction (ECF No. 52) be **DENIED**.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof.   Any objection should be no longer than TWENTY (20) PAGES in length.   *See* M.D. Ga. L.R. 7.4.   The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made.   All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the

14

consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED and RECOMMENDED**, this 13th day of May, 2024.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

15